■ In the Matter of TOMICKO M., a Person Alleged to be a Juvenile Delinquent, Appellant. [710 NYS2d 20] —Order of disposition, Family Court, Bronx County (John Hunt, J.), entered on or about February 25, 1999, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and placed him in the custody of the New York State Division for Youth for a period of 18 months, unanimously modified, on the facts and in the exercise of discretion in the interest of justice, to the extent of vacating the finding as to criminal possession of a controlled substance in the third degree and dismissing that count of the petition, and otherwise affirmed, without costs.

Suppression of appellant's statement to a police officer that he "sold out [of drugs]" was properly denied since this statement was not made in response to custodial interrogation. The police officer's inquiry immediately preceding the strip search, "do you have anything on you?" was a routine police inquiry designed to avoid injury to the officer's person and there is no indication that the officer sought to elicit a confession from appellant about his drug trafficking (*see, People v Burgos,* 255 AD2d 199, *lv denied* 93 NY2d 851). In any event, were we to find that admission of appellant's statement was error, we would find it harmless beyond a reasonable doubt.

The court properly ruled that the presentment agency was, under these circumstances, not required to disclose the exact location of the observation post from which an officer observed

appellant sell narcotics. The court appropriately balanced appellant's right to confrontation against the State's interest in nondisclosure by permitting extensive cross-examination of the observing officer regarding his ability to observe the drug transactions at issue, while precluding inquiry as to the exact location of the surveillance site, which was still being used by police officers, in order to preserve the safety of private citizens who gave the police permission to use their property and to encourage others to do so (see, People v Stanard, 42 NY2d 74, 83-84; Matter of Chris C., 172 Misc 2d 416).

As the presentment agency concedes, the finding that appellant committed criminal possession of a controlled substance in the third degree should be dismissed in the interest of justice because it is based upon appellant's possession of the same glassine of heroin recovered from the buyer, which is the basis for the finding that appellant committed the crime of criminal sale of a controlled substance in the third degree. Concur— Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.